**UNITED STATES of America**

v.

**Elizabeth Gurley FLYNN, Pettis Perry, Claudia Jones, Alexander Bittelman, Alexander Trachtenberg, Victor Jeremy Jerome, Albert Francis Lannon, Louis Weinstock, Arnold Samuel Johnson, Betty Gannett, Jacob Mindel, William Wolf Weinstone and George Blake Charney, Defendants.**

United States District Court
S. D. New York.

May 26, 1955.

See also, 75 S.Ct. 285.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of N. Y., New York City, for United States.

Mary M. Kaufman, New York City, for defendants, Harry Sacher, New York City, of counsel.

DIMOCK, District Judge.

Two of the thirteen defendants convicted in this case have been granted new trials upon the ground that the jury might have reached a different conclusion but for the false testimony of the witness Matusow. The motions of the other eleven have been denied, D.C., 130 F.Supp. 412. These eleven now move to reargue their motions, alleging that the court erred in denying them. Their motions were denied on the ground that defendants did not meet requirement (c) of the rule of Larrison v. United States, 7 Cir., 24 F.2d 82, 87–88, "[t]hat the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." The moving defendants say

743

that this so-called requirement is non-existent and that, if it does exist, it was here met.

In support of their position that requirement (c) of the Larrison rule is non-existent, defendants cite Gordon v. United States, 6 Cir., 178 F.2d 896 and United States v. Johnson, 7 Cir., 149 F.2d 31. Neither of these cases repudiates the requirement. Moreover the rule has been quoted in its entirety with approval in this circuit in United States v. Hiss, D.C.S.D.N.Y., 107 F.Supp. 128, 136, affirmed on opinion below, 2 Cir., 201 F.2d 372. I thus see no reason for ignoring requirement (c).

In reaching my original decision denying the motion of these eleven defendants for a new trial made on the ground that false testimony had been given, I held that they had not satisfied the requirement that a defendant so moving must show that he "was unable to meet" the false testimony. I apprehend that rule to mean that the defendant must show that he produced all of the contradicting evidence within his control. If the jury nevertheless believes the false testimony and returns a verdict against the defendant he is in a position to insist upon another chance when he obtains evidence of the falsity. In other words, the moving defendant must show that he was unable *successfully* to meet the false testimony in spite of its falsity.

Here defendants say that, in spite of the falsity of Matusow's testimony, they could not have successfully met it. They say that success was impossible because the only witnesses who could have contradicted Matusow were Communists and the jury would not have believed Communists.

In the first place, I do not think that I am called upon to speculate on the effect of the production of contradicting testimony on the trial. I believe that requirement (c) of the Larrison rule, like so many of the other rules in our law, requires due diligence of him who invokes it. Defendants sat idly by after Matusow told his lies. If, instead, they had produced testimony and the jury had brought in a verdict against them, they would now be entitled to a new trial so far as requirement (c) is concerned. If the jury had brought in a verdict in their favor, our question would not have arisen. In either case I would not be asked to speculate as I am now. This failure to exercise due diligence is sufficient support for my original decision.

Even if, however, I were authorized to speculate on the effect of evidence which defendants withheld, I would reach the same conclusion. The argument that the jury would not have believed Communist witnesses is little more than an argument that was made and rejected on the trial and in the Court of Appeals, 2 Cir., 216 F.2d 354, 373. The argument so made was that, in the climate of opinion in this country, a Communist could not get justice from a jury. I rejected that argument at the trial when I was asked to apply it to the question whether defendants could get a fair trial and I now, for the same reason, reject it when I am asked to apply it to the question whether a jury would refuse to believe the testimony of a witness merely because he was a Communist. I do not believe that the climate of opinion is such that Communists cannot get justice. Nor do I think that any such belief of defendants kept them from calling witnesses on the trial. My own impression is that the omission of defendants to call witnesses to contradict Matusow was solely due to a belief that Communist witnesses would be unable to explain intelligibly how the party expected to attain its objective of a socialist society without the use of force and violence.

The motion for reargument is denied.